UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **MORRIS DAVENPORT, JR.** | **CIVIL ACTION NO. 14-CV-1092** |
| **VERSUS** | **JUDGE HICKS** |
| **RONNY RICHARDSON** | **MAGISTRATE JUDGE HORNSBY** |

**STATE'S OBJECTION
TO REPORT AND RECOMMENDATIONS**

NOW INTO COURT, through the undersigned Assistant District Attorney, comes the State of Louisiana.

MAY IT PLEASE THE COURT:

The State of Louisiana objects to the Report and Recommendations of the Honorable Magistrate Judge Mark L. Hornsby in the above-captioned matter.

Under Louisiana law, the defendant's right to trial by jury is guaranteed by the state constitution and is codified in the *Louisiana Code of Civil Procedure*. Unlike many other states, though, once the right to trial by jury is exercised, the judge alone is powerless to dismiss the charges or acquit prior to jury verdict. Once a jury is empaneled and a trial begun, the trial court is prohibited from substituting its judgment for that of the jury, which is the trier of fact. The 1975 amendment to the *Louisiana Code of Criminal Procedure* Article 778 deprived the

trial judge of the right to direct a verdict of acquittal in a jury case. See State v. Jackson, 344 So.2d 961 (La. 1977).

Here, Petitioner relied on three United States Supreme Court Cases in support of his claim, specifically, Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671 (1962), Sanabria v. U.S., 437 U.S. 54, 98 S.Ct. 2170 (1978), and Evans v. Michigan, ___U.S.___, 133 S.Ct. 1069, 185 L.Ed.2d 124, February 20, 2013 (NO. 11-1327). In each of these cases, the United States Supreme Court held that a verdict of acquittal cannot be reviewed without violating double jeopardy. But, it is extremely important to note that in each of the above cited cases, in stark contrast to the Louisiana law applicable hereto, the trial court **had the authority to direct a verdict of acquittal** either under *Federal Rule of Criminal Procedure* 29 or comparable state statute[1].

Evans, Sanabria and Fong Foo each dealt with provisions of law that are polar opposites of the law applicable hereto. In each of the cited cases, the judge had unequivocal and express authority to acquit. In this case, the trial court

---

[1] **Mich. Rule Crim. Proc. 6.419(A) (2012)** provides, in pertinent part:
"Before Submission to Jury. After the prosecutor has rested the prosecution's case-in-chief and before the defendant presents proofs, the court on its own initiative may, or on the defendant's motion must, direct a verdict of acquittal on any charged offense as to which the evidence is insufficient to support conviction. The court may not reserve decision on the defendant's motion. If the defendant's motion is made after the defendant presents proofs, the court may reserve decision on the motion, submit the case to the jury, and decide the motion before or after the jury has completed its deliberations."

undeniably had no power to acquit. As such, this Honorable Court would have to find the entire Louisiana procedural scheme unconstitutional in order to grant the relief requested by petitioner. In this case, the question as to whether double jeopardy attaches turns on whether the trial court had legal power to acquit. The Louisiana Supreme Court, in considering this case, opined that the trial judge had no legal authority or power whatsoever to render the "verdict" and that it "can have no effect."

RESPECTFULLY SUBMITTED,

s/s Anna L. Garcie
ANNA L. GARCIE
Assistant District Attorney
Louisiana Bar Roll No. 25058
Eleventh Judicial District
Post Office Box 1557
Many, Louisiana 71449
318.256.6246
318.256.5176 (facsimile)
annagarcie@bellsouth.net

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **MORRIS DAVENPORT, JR.** | **CIVIL ACTION NO. 14-CV-1092** |
| **VERSUS** | **JUDGE HICKS** |
| **RONNY RICHARDSON** | **MAGISTRATE JUDGE HORNSBY** |

## CERTIFICATE

I hereby certify that a copy of the foregoing State's Objection to Report and Recommendations has been served upon: Petitioner, Mr. Morris Davenport, Jr., c/o Sabine Parish Detention Center, 384 Detention Center Road, Many, Louisiana 71449; Mr. Robert S. Noel, II, Attorney at Law, 2901 Evangeline, Monroe, Louisiana 71201; and Mr. D. Scott Kendrick, Attorney at Law, 1901 Texas Street, Natchitoches, Louisiana 71457 *via* United States Mail on this the 6th day of May, 2015.

                                              <u>s/s Anna L. Garcie</u>
                                              ANNA L. GARCIE
                                              Assistant District Attorney