UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MORRIS DAVENPORT, JR.            CIVIL ACTION NO. 14-cv-1092

VERSUS            JUDGE S. MAURICE HICKS, JR.

RONNY RICHARDSON            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before this Court is the Report and Recommendation (Record Document 10) recommending that Morris Davenport Jr.'s petition for relief pursuant to 28 U.S.C. §2441 be granted and the State of Louisiana be barred from subjecting him to a second trial for the aggravated rape charge on which he was previously acquitted. Having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law, this Court adopts the Report and Recommendation and adds the following analysis.

This court notes that, while the Louisiana Supreme Court's interpretation of the statutes in question, La. C.Cr.P. Art. 778 and Art. 821, may meet state constitutional standards, it is the opinion of this Court that applicable federal constitutional standards are not met. It is well established that Louisiana state district courts are courts of general jurisdiction. Louisiana Constitution, Article 5, §16 provides that "except as otherwise authorized by this Constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters." There are

no provisions within the Louisiana Constitution or statutes prohibiting a district judge from declaring an acquittal in a criminal trial. While in this instance the trial judge used the wrong statute as the basis for the acquittal, he nonetheless had the authority to order an acquittal based on the original jurisdiction granted to him by the Louisiana Constitution. It is important to also note that the district judge ordered the acquittal following defense counsel invoking La. C.Cr.P. Art. 778 and requesting a judgment of acquittal on the grounds that no IQ test had been admitted into evidence. This acquittal was ordered as a result of a motion made by defense counsel, and such order was within the general jurisdiction of the district judge.

With regard to the U.S. Supreme Court ruling in Smith v. Massachusetts, this Court adds the full language of the exception referred to in the Report and Recommendation. Smith v. Massachusetts, 125 S.Ct. 1129, 1134 (U.S.). The Supreme Court stated that there is an exception "when a jury returns a verdict of guilty and a trial judge (or an appellate court) sets aside the verdict and enters a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty." The facts of this case are clear: the judge in question granted the acquittal before the jury began deliberations. The procedural posture of the instant case is vastly different from Smith, as the jury never reached a verdict of guilty. Therefore, this Court concludes that the one exception referenced in Smith v. Massachusetts is not applicable in this case.

This Court affirms the analysis, reasoning, and result reached in the Report and Recommendation.

## CONCLUSION

The Report and Recommendation (Record Document 10) is hereby adopted by this Court. For the additional reasons contained in this opinion,

**IT IS ORDERED** that Petitioner's petition for relief pursuant to 28 U.S.C. § 2241 is hereby **GRANTED** and the State of Louisiana is barred from subjecting Petitioner to a second trial for the aggravated rape charge for which he was acquitted by the Louisiana district judge.

**IT IS FURTHER ORDERED** that the State release Petitioner immediately, unless it has other authority to detain him.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of January, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE